UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

HAROLD BURSEY,

    Petitioner,                        Civil No. 2:16-CV-10499
                                          HONORABLE VICTORIA A. ROBERTS
                                          UNITED STATES DISTRICT JUDGE

v.

WARDEN RECKTENWALD,

    Respondent,
_____/

**OPINION AND ORDER TRANSFERRING THE PETITION FOR WRIT OF HABEAS CORPUS TO THE WESTERN DISTRICT OF PENNSYLVANIA**

    Harold Bursey, ("petitioner"), presently confined at the McKean Federal Correctional Institution in Bradford, Pennsylvania, seeks the issuance of a writ of habeas corpus pursuant to 28 U.S.C. § 2241. In his *pro se* application, Petitioner claims the Federal Bureau of Prisons ("BOP") failed to credit his federal sentence for time spent by Petitioner in state custody. In the interests of justice, the Court concludes that jurisdiction over this petition lies in the United States District Court for the Western District of Pennsylvania and will therefore order that the petition be transferred to that district.

### I. DISCUSSION

    A district court may not entertain a habeas corpus petition unless it has personal jurisdiction over the custodian of the prisoner. *Guerra v. Meese*, 786 F. 2d 414, 415 (D.C. Cir. 1986). The habeas corpus power of federal courts over federal prisoners has been

1

confined by Congress through 28 U.S.C. § 2241 to the district court within whose territorial jurisdiction the custodian is located. *Wright v. United States Board of Parole,* 557 F. 2d 74, 77 (6th Cir. 1977). Claims which seek to challenge the execution or manner in which a federal prisoner's sentence is served shall therefore be filed in the court having jurisdiction over the prisoner's custodian pursuant to § 2241. *Charles v. Chandler,* 180 F. 3d 753, 756 (6th Cir. 1999); *Griffin v. Herrera,* 212 F. Supp. 2d 707, 709 (E.D. Mich. 2002). As a result, habeas corpus proceedings may occur in a court of confinement that is different from the court of conviction. *See Martin v. Perez,* 319 F. 3d 799, 803 (6th Cir. 2003). Therefore, the fact that Petitioner may have been convicted in the Eastern District of Michigan would not give this Court jurisdiction over his § 2241 habeas petition, because this Court does not have jurisdiction over the warden of the federal prison where Petitioner is incarcerated. *See Robinson v. Morrison,* 27 Fed. Appx. 557 (6th Cir. 2001).

Petitioner's claim that the BOP failed to grant him credit for the time that he spent in state custody involves a challenge to the execution of his sentence and is properly brought in a § 2241 habeas petition. *See e.g. Stevenson v. U.S.,* 495 F. Supp. 2d 663, 664 (E.D. Mich. 2007). "Any claim challenging sentencing credit determinations must be brought pursuant to 28 U.S.C. § 2241 in the district court having jurisdiction over the petitioner's custodian." *Clinkscale v. United States*, 367 F. Supp. 2d 1150, 1155 (N.D. Ohio 2005)(citing *Alvey v. United States*, 899 F.2d 1221, 1990 WL 40080, *1 (6th Cir. Apr. 9, 1990)(additional citations omitted). Petitioner's current custodian is the warden of the McKean Federal Correctional Institution in Bradford, Pennsylvania, which is

located in the Western District of Pennsylvania.[1]

Pursuant to 28 U.S.C. § 1631, a district court is required to transfer an action in which it lacks jurisdiction to the appropriate federal jurisdiction "if it is in the interest of justice." *See Roman v. Ashcroft*, 340 F. 3d 314, 328 (6th Cir. 2003). Where a federal district court in which a habeas petition was brought lacks personal jurisdiction over the respondent or venue is otherwise inappropriate, the district court may transfer the case to the appropriate district court *sua sponte*. *Chatman-Bey v. Thornburgh,* 864 F. 2d 804, 813-814 (D.C. Cir. 1988); *Verissimo v. I.N.S.*, 204 F. Supp. 2d 818, 820 (D.N.J. 2002). Because this Court does not have personal jurisdiction over Petitioner's custodian, it must transfer the case to the federal district court which has jurisdiction over Petitioner's custodian. *Ozoanya v. Reno,* 968 F. Supp. 1, 8 (D.D.C. 1997).

## II. ORDER

Accordingly, the Court **ORDERS** the Clerk of the Court to transfer this case to the United States District Court for the Western District of Pennsylvania.

S/Victoria A. Roberts
**HONORABLE VICTORIA A. ROBERTS**
**UNITED STATES DISTRICT JUDGE**

**Dated:** 2/12/2016

---

[1] The Court notes that Petitioner listed the United States District Court for the Western District of Pennsylvania on the top of his petition. For some reason, the petition was filed with this Court.